# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| WAYNE GORDON | CIVIL ACTION |
| VERSUS | NO. 17-8053 |
| GEORGE A. SMITH, ET AL. | SECTION "A" (3) |

## REPORT AND RECOMMENDATION

This Court has been here before.[1] *Pro se* plaintiff, Wayne Gordon, filed the above-captioned matter in this Court in which he sues various defendants for violations of 42 U.S.C. §§1983 and 1985 and constitutional violations. He seeks declaratory relief, injunctive relief, and monetary damages related to an automobile for which he paid but allegedly never received. He alleges that defendants engaged in consumer fraud and deceptive trade practices.

On August 23, 2017, this Court ordered Gordon to show cause why his complaint should not be summarily dismissed for lack of federal subject-matter jurisdiction. [Doc. #3]. Gordon has now complied with that Order. [Doc. #4].

28 U.S.C. § 1915(e)(2)(B) provides for summary dismissal *sua sponte*, should the Court determine that a case is frivolous. Section 1915(e)(2)(B) provides in pertinent part as follows:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court **shall dismiss** the case at any time if the court determines that –
> \* \* \*
> (B) the action or appeal –
> (i) is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or

---

[1] Gordon is a frequent filer in this Court. Gordon has sued Smith and related parties over this incident in an earlier lawsuit. *See, e.g., Gordon v. Smith*, Civ. A. Nos. 17-5192, 17-8052 (E.D. La.).

1

>   (iii)   seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B)(i)-(iii) (emphasis added). In plain language, Section 1915 requires dismissal if the Court is satisfied that the case fails to state a claim on which relief may be granted.[2]

The Court has permitted the plaintiff to proceed *in forma pauperis* in the instant proceeding under the provisions of 28 U.S.C. §1915(a). However, summons has not issued in order to allow the Court to review plaintiff's complaint to determine whether it satisfies the requirements of the federal *in forma pauperis* statute. On its face, plaintiff's complaint fails to meet the requirements of the statute. There exists no absolute right to proceed *in forma pauperis* in federal civil matters; instead, it is a privilege extended to those unable to pay filing fees *when it is apparent that the claims do not lack merit on their face*.[3]

In his response to the rule to show cause [Doc. #4], Gordon contends that this Court has not been here before, even though this Court's order to show cause was almost copied word for word from an earlier order to show cause issued by this very Court. [*Gordon v. Smith*, Civ. A. No. 17-5192, Doc. #3]. The subsequent order that this Court issued dismissing Gordon's complaint for lack of jurisdiction [Doc. #5] was upheld by the District Court. [*Id.*, Doc. #7]. That order [*Id.,* Doc. #5] will basically be copied by the Court here.

---

[2]   *See Neitzke v. Williams,* 490 U.S. 319, 325 (1989) (noting that a claim is "frivolous" where it lacks an arguable basis either in law or in fact).

[3]   *See Startii v. United States,* 415 F.2d 1115, 1116 (5th Cir.1969); *see also Adepegba v. Hammons,* 103 F.3d 383, 387 (5th Cir. 1996) (noting that the revocation of the privilege of proceeding in *forma pauperis* is not new).

Federal courts are courts of limited jurisdiction. "Subject matter jurisdiction may not be waived, and the district court 'shall dismiss the action' whenever 'it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter.'"[4] Arnold premises jurisdiction on Section 1983. Generally, three elements must be established in a Section 1983 action: (1) deprivation of a right secured by federal law, (2) that occurred under color of state law, and (3) was caused by a state actor. *Marceaux v. Lafayette City-Parish Consol. Gov't*, 921 F. Supp. 2d 605, 621 (W.D. La. 2013). There is no indication that any of the defendants is a state actor or conspired with a state actor. With regard to the defendants in this lawsuit, no jurisdiction thus exists in this Court under Sections 1983 and 1985 and, by extension, the Constitution.

Gordon argues that he also asserts a claim for breach of contract, long established as a state-law claim. Gordon maintains that he contracted for a vehicle, and defendants never delivered it, and "he is entitled to the truck he bargained for." [Doc. #4 at p. 3]. That may well be true, but this Court can not grant that relief. That is for a state court. This claim, he contends, "authoriz[es] him to sue in any court of law or equity, State [sic] or Federal [sic]." Not so, as demonstrated by a long line of federal case law that has arisen under Sections 1983 and 1985 since the nineteenth century.

Neither does diversity jurisdiction under 18 U.S.C. § 1332 appear to exist on the facts of the complaint. Gordon is a citizen of Louisiana, and at least one of the defendants, George A.

---

[4] *Avitts v. Amoco Prod. Co.*, 53 F.3d 690, 693 (5th Cir.1995) (quoting Fed. R. Civ. P. 12(h)(3)).

Smith, is also a citizen of this state. *Thompson v. Greyhound Lines, Inc.*, 574 F. App'x 407, 408 (5th Cir. 2014) ("A party seeking to proceed under 28 U.S.C. § 1332 must establish complete diversity, which "requires that all persons on one side of the controversy be citizens of different states than all persons on the other side."). Because there is a citizen of Louisiana on both sides of the dispute here, complete diversity does not exist.

Gordon appears at one point to agree that diversity jurisdiction does not exist [Doc. #4 at p. 5], but then does an about-face and states "[b]ecause there is a citizen of Louisiana on the same side of the dispute here jurisdictions exists." [*Id.* at pp. 5-6]. Under long-standing case law, two parties from the same state on different sides of a federal lawsuit destroys federal jurisdiction.

Accordingly,

**IT IS RECOMMENDED** that Gordon's complaint be DISMISSED WITHOUT PREJUDICE for lack of subject-matter jurisdiction.

## NOTICE OF RIGHT TO OBJECT

Objections must be: (1) specific, (2) in writing, and (3) served within fourteen (14) days after being served with a copy of this report. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 1(a), 6(b) and 72(b). A party's failure to object bars that party from: (1) entitlement to *de novo* review by a district judge; and (2) appellate review of the un-objected-to factual findings and legal conclusions accepted by the district court, except upon grounds of plain error. *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

New Orleans, Louisiana, this 19th day of September, 2017.

**DANIEL E. KNOWLES, III**
**UNITED STATES MAGISTRATE JUDGE**